UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JACK VIGLIOTTI,

                                          **Plaintiff,**

                                  v.                                9:05-CV-1320
                                                                       (FJS/DEP)

**T. DALY, Correctional Officer; and**
**M. WITHERS, Correctional Sergeant,**

                                          **Defendants.**
_____

**APPEARANCES**

**JACK VIGLIOTTI**
**98-B-2080**
Clinton Correctional Facility
P.O. Box 2000
Dannemora, New York 12929
Plaintiff *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

       Plaintiff Jack Vigliotti commenced this § 1983 civil rights action on October 20, 2005. *See* Dkt. No. 1. In a Memorandum-Decision and Order dated January 10, 2006, this Court concluded that Plaintiff's claims arose from incidents that occurred more than three years prior to the date on which he filed his complaint and that, therefore, his complaint was untimely. However, due to Plaintiff's *pro se* status, the Court provided Plaintiff with an opportunity to file an amended complaint and instructed him that "[a]ny amended complaint that [he] file[d] . . . must allege claims of misconduct or wrongdoing against Defendants which arise from events that

occurred **no more than three years prior to October 18, 2005; i.e., on or after October 18, 2002**, and over which this Court may properly exercise jurisdiction." *See* Memorandum-Decision and Order dated January 10, 2006, at 4.  Rather than submitting an amended complaint, Plaintiff filed a motion asking the Court to reconsider its January 10, 2006 Memorandum-Decision and Order, *see* Dkt. No. 7, which is currently before the Court for its consideration.

## II. DISCUSSION

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864, 104 S. Ct. 195, 78 L. Ed. 2d 171 (1983)).

In support of his request for reconsideration, Plaintiff asserts that (1) "he had a 'Genuine Belief' that he had until at least October 24, 2005, to file his Complaint;" (2) he was being treated at the Central New York Psychiatric Center from August 30, 2002, until October 23, 2002; and (3) he "was under Mental Health care from the time of Placement in glass-cell <u>August 15, 2002 - January 2004</u>."  *See* Dkt. No. 7 at 2-3.  It appears that Plaintiff is arguing that, although his claim first accrued on August 15, 2002, his injury continued beyond that date; and, therefore, the Court should consider his complaint timely under the "continuing wrong" theory. *See id.* at Memorandum of Law at 1-4.

Plaintiff also asks the Court to "invoke New York States [sic] Insanity Section § 208 C.P.L.R. McKinneys Consolidated Law" to toll the statute of limitations during the time he was

receiving mental health treatment. *See id.* at Memorandum of Law at 5. Plaintiff claims that, during the time that he was being treated, he was "unable to manage affairs or comprehend and protect his legal rights, because of an over all [sic] inability to function . . . ." *See id.* at Memorandum of Law at 6.

In light of Plaintiff's *pro se* status and because the Court needs the benefit of Defendants' answer or other response to address the issues that Plaintiff has raised in his motion for reconsideration, the Court **grants** Plaintiff's motion for reconsideration and, as a result, directs service of the original complaint. **At this time, however, the Court takes no position regarding the merits of Plaintiff's arguments.**

### III. CONCLUSION

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for reconsideration is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall issue summonses and forward them, together with copies of the complaint, to the United States Marshal for service upon Defendants;[1] and the Court further

**ORDERS** that the Clerk of the Court shall forward a copy of the summons and complaint, together with a copy of this Order, by mail to the Office of the Attorney General for the State of New York; and the Court further

**ORDERS** that the Clerk of the Court shall provide the Superintendent of the facility that

---

[1] In its January 10, 2006 Memorandum-Decision and Order, the Court granted Plaintiff's *in forma pauperis* application. *See* Memorandum-Decision and Order dated January 10, 2006, at 6.

Plaintiff has designated as his current location with a copy of Plaintiff's authorization form and notify that official that Plaintiff has filed this action and is required to pay the entire statutory filing fee of $250.00 pursuant to 28 U.S.C. § 1915; and the Court further

**ORDERS** that the Clerk of the Court shall provide a copy of Plaintiff's authorization form to the Financial Deputy of the Clerk's Office; and the Court further

**ORDERS** that Defendants or their counsel shall file a response to Plaintiff's complaint as provided for in the Federal Rules of Civil Procedure after service of process on Defendants; and the Court further

**ORDERS** that the parties shall file all pleadings, motions and other documents relating to this action with the Clerk of the United States District Court, Northern District of New York, James Hanley Federal Building, 7th Floor, 100 South Clinton Street, Syracuse, New York 13261-7367.  **A party must accompany any paper that it sends to the Court or to the Clerk of the Court with a certificate showing that the party has mailed a true and correct copy of the same to all opposing parties or their counsel.  The Clerk of the Court will return, without processing, any document that the Court or the Clerk of the Court receives which does not include a certificate of service showing that the party has served the same upon all opposing parties or their attorneys.**  Plaintiff must comply with any requests of the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions and shall make any such motions returnable before the assigned Magistrate Judge with proper allowance for notice as the Rules require.  **Plaintiff is also required to notify the Clerk's Office and all parties or their counsel of any change in his address promptly; his failure to do so will result in the**

**dismissal of this action.** The Court will decide all motions based upon the submitted papers without oral argument unless the Court orders otherwise; and the Court further

      **ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff.

**IT IS SO ORDERED.**

Dated: June 24, 2006
      Syracuse, New York

                                      Frederick J. Scullin, Jr.
                                      Senior United States District Court Judge