UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JACK VIGLIOTTI,

                      Plaintiffs,

v.                                                                         9:05-CV-1320
                                                                         (GTS/DEP)

T. DALY, Correctional Officer; and
M. WITHERS, Correctional Sergeant,

                      Defendants.
_____

APPEARANCES:                                         OF COUNSEL:

JACK VIGLIOTTI, 98-B-2080
   Plaintiff, *Pro Se*
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

HON. ANDREW M. CUOMO                     HEATHER R. RUBINSTEIN, ESQ.
Attorney General for the State of New York     Assistant Attorney General
  Counsel for Defendants
615 Erie Boulevard West, Suite 102
Syracuse, NY 13204

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

     Jack Vigliotti ("Plaintiff"), a New York State prison inmate, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against two correctional officials employed by the New York State Department of Corrections–Correctional Officer T. Daly and Correctional Sergeant M. Withers ("Defendants").

     Construed with special leniency, Plaintiff's Complaint alleges that Defendants violated his rights under the First, Eighth and Fourteenth Amendments when, for less than three hours on August 15, 2002, as he was being transferred through Auburn Correctional Facility (from

Upstate Correctional Facility to Five Points Correctional Facility), they deliberately placed him in a "transit" cell that possessed the following characteristics: (1) it was five feet by nine feet in size; (2) it was enclosed in plexiglass and covered with wet paint; (3) it was filled with "a very overwhelming smell of [fresh] paint"; (4) it was hot (with a temperature of 87.8 degrees Celsius), humid (with a relative humidity of 81%), devoid of adequate air-conditioning, and devoid of "holes drilled in it for adequate ventilation"; (5) it was devoid of a mattress, bedding, toilet paper and soap; and (6) had a toilet and floor that were filthy. (*See generally* Dkt. No. 1, Part 1 [Plf.'s Compl.]; Dkt. No. 36 [Plf.'s Response]; Dkt. No. 37 [Plf.'s Suppl. Affid.].) Plaintiff also alleges that Defendants placed him in the cell because of a misbehavior report issued against Plaintiff by Correctional Officer M. Quill on April 5, 2002. (*Id.*) Finally, Plaintiff alleges that Defendants did not have the authority to place him in the cell, because they did not first obtain a deprivation order pursuant to N.Y. Comp. Codes. R. & Regs. tit. 7, §§ 305.2, 305.6. (*Id.*)

Currently before the Court are (1) Defendants' motion for judgment on the pleadings, (2) United States Magistrate Judge David E. Peebles' Report-Recommendation that Defendants' motion be granted with leave to amend, and (3) Plaintiff's objections to the Report-Recommendation. (Dkt. Nos. 33, 43, 44.) For the reasons set forth below, Magistrate Judge Peebles' Report-Recommendation is accepted in its entirety; Defendants' motion for judgment on the pleadings is granted; and Plaintiff's Complaint is dismissed if, within thirty (30) days of the date of this Decision and Order, he fails to file an Amended Complaint that states a claim upon which relief might be granted.

I.  **BACKGROUND**

Familiarity with this action's procedural history, Plaintiff's claims, and Defendants' legal arguments, as set forth in Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 43) is

assumed, and shall not be repeated in this Decision and Order. Only the claims and legal arguments necessary to the discussion shall be set forth herein.

## II.    APPLICABLE LEGAL STANDARDS

### A.    Standard of Review on Objection to Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made to a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee

---

[1] On *de novo* review, "[t]he judge may . . . receive further evidence . . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[2]    *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

Notes: 1983 Addition [citations omitted].  After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

### B. Standard Governing Motion for Judgment on Pleadings

Magistrate Judge Peebles correctly recited the legal standard governing a motion for judgment on the pleadings, which is incorporated by reference herein.  (Dkt. No. 43, at 6-9.)

## III. ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge Peebles' Report-Recommendation and Plaintiff's Objections thereto, the Court can find no error in Magistrate Judge Peebles' Report-Recommendation, clear or otherwise.  (Dkt. No. 43.) Magistrate Judge Peebles employed the proper legal standards, accurately recited the factual allegations of Plaintiff's Complaint, and correctly applied the law to those factual allegations. (*Id.*)  The Court would add only five brief points to Magistrate Judge Peebles' thorough Report-Recommendation.

First, in his Objections, Plaintiff places much emphasis on the fact that, in his response to Defendants' motion, he asserted factual allegations that effectively amended the allegations asserted in his Complaint.  (*See* Dkt. No. 44, ¶¶ 3-6, 8, 12 [Plf.'s Obj.].)  Plaintiff is advised that the Court has carefully reviewed the 156 pages of papers that Plaintiff submitted in response to Defendants' motion, and has liberally construed the factual allegations of Plaintiff's Complaint as effectively amended by those papers.  (*See* Dkt. Nos. 1, 36, 37.)  Plaintiff is advised further that, even when those amended allegations are construed with the utmost of special leniency, those amended allegations fail to state a claim upon which relief might be granted, for the reasons stated by Magistrate Judge Peebles.

4

Second, Plaintiff's own allegations indicate that the period of time during which he was incarcerated in the cell in question was less than three hours (i.e., from 3:55 p.m. to 6:45 p.m.). (*See*, *e.g.*, Dkt. No. 1, Part 1, ¶ 10 [Plf.'s Compl.]; Dkt. No. 1, Part 2 [Ex. A to Plf.'s Compl., attaching Nurse Report]; Dkt. No. 36, Part 3, at 32-33 [Ex. H to Plf.'s Response Papers, attaching Log Book]; Dkt. No. 36, Part 4, at 5 [Ex. J. to Plf.'s Response Papers, attaching Grievance Decision, dated 1/23/03].)³ Such a brief confinement–under the conditions alleged by Plaintiff–is simply not sufficiently serious for purposes of the Eighth Amendment.⁴

Third, in his Complaint and response papers Plaintiff alleges that the "protected activity" in which he was engaged, for purposes of his First Amendment retaliation claim, was receiving a misbehavior report from Correctional Officer M. Quill on April 5, 2002 (and perhaps engaging in the altercation giving rise to the misbehavior report).  (Dkt. No. 1, Part 1, ¶¶ 6-8, 16 [Plf.'s Compl.]; Dkt. No. 36, Part 1, at 21-24 [Plf.'s Opp. Memo. of Law, attaching pages "15"

---

³ "[T]he mandate to read the papers of *pro se* litigants generously makes it appropriate to consider a plaintiff's papers in opposition to a defendant's motion to dismiss as effectively amending the allegations of the plaintiff's complaint, to the extent that those factual assertions are consistent with the allegations of the plaintiff's complaint." *Robles v. Bleau*, 07-CV-0464, 2008 WL 4693153, at *6 & n.41 (N.D.N.Y. Oct. 22, 2008) (McAvoy, J., adopting, on *de novo* review, Report-Recommendation of Lowe, M.J.).

⁴ In addition to relying on the five analogous conditions-of-confinement cases cited by Magistrate Judge Peebles in his Report-Recommendation (*see* Dkt. No. 43, at 12-13), the Court relies on the following cases: *Ferrer v. Marsenelli*, 96-CV-0120, 1997 WL 176369, at *1-2, *4 (N.D.N.Y. Apr. 12, 1997) (Pooler, J.) (no Eighth Amendment claim established where evidence showed that prisoner had been placed in plexiglass-enclosed cell, which allegedly lacked proper ventilation and lighting, for "over one month"); *Bell v. Artuz*, 98-CV-4710, 1999 WL 253607, at *3-4 (S.D.N.Y. Apr. 29, 1999) (Mukasey, J.) (no Eighth Amendment claim stated where prisoner alleged poor ventilation, asbestos on catwalk behind cells, no bacterial soap, insufficient lighting, no pillows, and lack of space in cell); *Bolton v. Goord*, 992 F. Supp. 604, 628 (S.D.N.Y. 1998) ("The Eighth Amendment does not guarantee a certain type of ventilation system or a certain rate of air exchange."); *Barney v. Pulsipher*, 143 F.3d 1299, 1311-12 (10th Cir. 1998) (no Eighth Amendment claim established where evidence showed that, over course of two days, prisoners were exposed to inadequate ventilation or air cooling, filthy cells, poor lighting, and unappetizing food) [collecting cases].

through "18" thereof]; Dkt. No. 36, Part 3, at 21-22 [Ex. F. to Plf.'s Response, attaching Misbehavior Report].)  Of course, such "activity" is not protected by the First Amendment.[5]

It bears noting that, in his Objections to Magistrate Judge Peebles' Report-Recommendation, Plaintiff suggests parenthetically that his protected activity consisted also of "grievances filed against Quill."  (Dkt. No. 44, ¶ 9 [Plf.'s Obj.].)  The Court has reviewed Plaintiff's Complaint and response papers and cannot find a copy of such grievances, or any factual allegations regarding them.  For the sake of brevity, the Court will not linger on the fact that (1) the allegation does not appear to have been presented to Magistrate Judge Peebles, and (2) this Court has already extended Plaintiff the ability to effectively amend his Complaint once, by considering the factual allegations contained in his response to Defendants' motion to dismiss.  The more serious problem with this allegation is that it is so vague (and self-serving) as to be wholly conclusory.  Simply stated, the Court can find no factual allegations plausibly suggesting when any such grievances were filed, with whom they were filed, or that they were even filed by Plaintiff.

Fourth, in his Objections, Plaintiff relies on the fact that Defendants (allegedly) violated New York State law in placing him in the transit cell.  (Dkt. No. 44, ¶ 12 [Plf.'s Obj.].)  Section 1983 provides, in pertinent part, "Every person who . . .subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by *the Constitution and laws*, shall be liable to the party injured . . . ."  42 U.S.C. § 1983 [emphasis added].  The term "the Constitution and laws"

---

[5] *See Garrido v. Coughlin*, 716 F. Supp. 98, 101 (S.D.N.Y. 1989) ("[T]he allegation that [defendant] intentionally filed a false misbehavior report [against plaintiff] is not connected to any substantive constitutional right. [Plaintiff] alleges only that he had a verbal confrontation with [defendant] regarding [defendant's] allegedly abusive treatment of another inmate and that [defendant] then falsely accused him of assault. While there is a claim of retaliation here . . . , it was not for exercise of [plaintiff's] First Amendment rights . . . .").

refers to United States Constitution and *federal* laws.[6] A violation of a state law or regulation, in and of itself, does not give rise to liability under 42 U.S.C. § 1983.[7]

Finally, in his Objections, Plaintiff argues that his stay in the transit cell gave rise to a right of procedural due process because it imposed on him an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995). (Dkt. No. 44, ¶ 12 [Plf.'s Obj.].) Again, for the sake of brevity, the Court will not linger on the fact that the ordinary incidents of Plaintiff's prison life were themselves somewhat restrictive in that he was being transferred from one maximum-security facility to another such facility. The more important fact is that the duration of Plaintiff's confinement in the transit cell in question was simply too brief to give rise to a liberty interest protected by the Fourteenth Amendment, under the circumstances alleged.[8]

**ACCORDINGLY**, it is

---

[6] *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970) ("The terms of § 1983 make plain two elements that are necessary for recovery. First, the plaintiff must prove that the defendant has deprived him of a right secured by the 'Constitution and laws' *of the United States*.") (emphasis added); *Patterson v. Coughlin*, 761 F.2d 886, 890 (2d Cir. 1985) ("Recovery under 42 U.S.C. § 1983 . . . is premised upon a showing, first, that the defendant has denied the plaintiff a constitutional or *federal* statutory right. . . .") (citation omitted; emphasis added); *Fluent v. Salamanca Indian Lease Auth.*, 847 F. Supp. 1046, 1056 (W.D.N.Y. 1994) ("The initial inquiry in a § 1983 action is whether the Plaintiff has been deprived of a right 'secured by the Constitution and laws' *of the United States*.") [emphasis added].

[7] *Doe v. Conn. Dept. of Child & Youth Servs.*, 911 F.2d 868, 869 (2d Cir. 1990); *Patterson v. Coughlin*, 761 F.2d 886, 891 (2d Cir. 1985).

[8] *See Bell*, 1999 WL 253607, at *4-5 (poor ventilation, asbestos on catwalk behind cells, no bacterial soap, insufficient light, no pillows, and lack of space for sixty days did not amount to "atypical and significant hardship"); *cf. Lovell v. Cayuga Corr. Fac.*, 02-CV-6640, 2004 WL 2202624, at *4 (W.D.N.Y. Sept. 29, 2004) ("[A] five-hour stay in SHU simply does not give rise to a constitutional claim . . . . A stay in SHU for such a brief period would seemingly require truly extraordinarily harsh conditions in order to give rise to a due process claim . . . .") [citations omitted]; *Laws v. Cleaver*, 140 F. Supp.2d 145, 148, 151 (D. Conn. 2001) (being "cuffed spread-eagled to a soiled cot" for four hours–after being maced, punched, pinned to ground, and stomped–did not amount to "atypical and significant hardship").

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 43) is hereby **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' Motion for Judgment on the Pleadings (Dkt. No. 33) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) shall be **DISMISSED** without further Order of this Court unless, within **THIRTY (30) DAYS** of the date of this Decision and Order, the Plaintiff files an Amended Complaint that states a claim upon which relief might be granted.

Dated: December 30, 2008
 Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge